UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    CASE NO.
Valley National Bank
         Plaintiff,


   -against -                            VERIFIED COMPLAINT


Anthony Ottimo a/k/a Anthony Edward Ottimo,
Claudia Ottimo,
USA Intl Sales Corp.

         Defendants

Plaintiff, by and through their attorney Manfredi Law Group, PLLC as and for its complaint, against the Defendants, allege as follows:

1. That at all times, the Plaintiff is a national banking association with offices at 2 Jericho Plaza, Jericho, New York and operates office and retail bank locations throughout New York State, including Rockland, New York, Kings, Nassau, and Suffolk Counties.

2. Upon information and belief, the Defendants Louis and Claudia Ottimo currently reside at 7677 Glendevon Lane, Unit 1705, Delray Beach, Florida 33446.

3. This lawsuit is filed to reverse a conveyance and sale of unit 1705 at 7677 Glendevon Lane, Delray Beach, Florida 33446 made by the Defendants Louis and Claudia Ottimo to USA Intl Sales Corp.

4. Said real property is not a homestead in Palm Beach County, Florida.

5. USA Intl Sales Corp is an active corporation organized in the State of Florida and formed on or about May 11th, 2012 with offices at 11380 Prosperity Farms Road, #221E, Palm Beach Gardens, FL 33410.

6. Defendants Louis Ottimo and Claudia Ottimo are registered President and Vice-President of USA Intl Sales Corp.

## JURISDICTION

7. This fraudulent conveyance lawsuit is commenced in District Court because the underlying judgment was entered in Nassau County, New York, the amount in controversy exceeds $75,000.00, and the parties reside and have offices in different states. 28 U.S.C. § 1332(a)(1).

## BACKGROUND OF FACTS

8. That on June 10th, 1997 a money judgment was entered in the Nassau County Clerk's Office against Louis Ottimo and Claudia Ottimo (hereinafter "the Ottimo's") in favor of State Bank of Long Island for the sum of $251,797.42 (hereinafter "the Judgment").

9. Valley National Bank, as successor by merger with State Bank of Long Island, renewed the Judgment in 2011 ("the Renewal Judgment").

10. The Plaintiff entered a second Renewal Judgment in the Nassau County Clerk's Office on November 14th, 2016 (the "Second Renewal Judgment").

11. The time to appeal the Second Renewal Judgment has expired.

## THE CONVEYANCE

12. In 2011 the Plaintiff filed a lawsuit for a Renewal Judgment lawsuit.

13. At that time, the Defendants were served at their home in Plainview, New York by the Sheriff of Nassau County.

14. While the Renewal Judgment was pending entrance in 2012, the Ottimo's transferred their interest in Condominium Unit 1705 located at 7677 Glendevon Lane, Delray Beach, Florida 33446 the defendant USA Intl Sales Corp for no consideration by quitclaim deed dated May 18th, 2012 (hereinafter "Conveyance").

15. The deed was recorded in the Palm Beach County Clerk's Office on May 22nd, 2012.

16. A copy of the deed is attached as Exhibit A.

17. The Ottimo's did not receive remuneration for the Conveyance.

18. The Conveyance was made without fair consideration after entry of the Judgment and just prior to entrance of the Renewal Judgment.

19. The deed confirms the Ottimo's resided in Plainview, New York while the Conveyance was made. <u>Exhibit A.</u>

THE CONVEYANCE HARMED THE PLAINTIFF

20. The Judgment was entered against Louis and Claudia Ottimo at the time of the Conveyance.

21. The Conveyance was made on May 18th, 2012 and recorded in the Palm Beach County Clerk's Office on May 22nd, 2012.

22. The First Renewal Judgment was entered on June 12th, 2012 just months after the Conveyance.

23. Upon information and belief, the Conveyance was made with specific intent to avoid, harm and delay the Plaintiff from enforcing the Renewal Judgment .

24. The Defendants had actual notice of the pending Renewal Judgment.

25. The Plaintiff was injured by the Conveyance because the Ottimo's were left with little to no assets to satisfy and meet their obligation to the Plaintiff.

26. Louis and Claudia Ottimo have not satisfied any portion of the Judgment.

27. Upon information and belief, the Conveyance rendered the Ottimo's insolvent.

28. Upon information and belief, the Defendants Louis and Claudia Ottimo have no assets which Plaintiff can enforce the Judgment except the Property transferred.

29. Plaintiff has no adequate remedy at law.

30. That the Defendants Claudia and Louis Ottimo committed this tort outside of New York that caused injury within New York.

31. The situs of the injury is in New York because this intentional fraudulent Conveyance impedes the Plaintiff's ability to enforce its New York Judgment.

32. That the Conveyance made by the Defendants was intentionally fraudulent, to place their Property out of the Plaintiff's reach and attachment.

33. The current owner of the Property, USA Intl Sales Corp., was formed seven (7) days prior to the Conveyance.

34. The corporation was formed on May 11th, 2012.

35. The Conveyance occurred on May 18th, 2012.

36. The individual Defendants are registered agents and officers of USA Intl Sales Corp.

37. Based on the filing date and the registered positions of the Judgments Debtors within the transferee corporation, it is reasonable to infer that this corporation was formed for the sole purpose of creating a shell to insulate the Property from the Judgments' lien.

38. The Conveyance affected the enforceability of a New York judgment.

39. As a result of that tort, the Plaintiff is unable to recover a defaulted obligation in New York.

40. New York is the proper forum of this lawsuit because the Judgments which the Plaintiff seeks to enforce were entered in New York.

41. New York is where the relationship formed between the Plaintiff and the Ottimo's.

42. The Conveyance is a tort that constitutes an injury in New York.

43. A New York Judgment Creditor was harmed by the Conveyance.

44. New York has a strong interest to ensure that its judgments are not frustrated by wrongful acts of judgment debtors, regardless of where those acts might occur. RCA Corp. v. Tucker, 696 F.Supp. 845.

45. At the time of the Conveyance, the Defendants were judgment debtors of this Court, resided in Plainview, New York, and were contesting the Plaintiff's Renewal Judgment rights under N.Y. CPLR Sec. 5014.

46. The Conveyance in Florida has impeded the Plaintiff's ability to enforce its New York Judgments.

47. Though the wrongful act occurred in Florida, this case is governed by the laws of New York, the state where the injury and economic loss is felt. RCA Corp. v. Tucker, 696 F.Supp. 845.

48. That the Defendants should have reasonably expected that their tortious conduct would have future consequences within New York.

49. N.Y. Debt. & Cred. Law § 270 defines a conveyance as "... payment of money, assignment, release, transfer, lease, mortgage or pledge of tangible or intangible property, and also the creation of any lien or incumbrance."

50. The Conveyance meets the definition of a transfer under N.Y. Debt. & Cred. Law § 270; Fed. R. Civ. P. 69(a)(1).

## FIRST CAUSE OF ACTION

### THE CONVEYANCE VIOLATED § 273 OF N.Y. DEBTOR & CREDITOR LAW

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "50" with the same force and effect.

52. That the Conveyance was made without fair consideration.

53. N.Y. Debt. & Cred. Law § 273 provides that:

> "Every conveyance made and every obligation incurred by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made or the obligation is incurred without a fair consideration."

54. The Ottimo's did not receive fair consideration for the Conveyance.

55. Upon information and belief, the Conveyance rendered Louis and Claudia Ottimo insolvent.

56. Louis and Claudia Ottimo have not paid any portion of the Judgments.

57. That by reason of the foregoing, the Conveyance by the Defendants was fraudulent as to the Plaintiff, a creditor to Louis and Clauida Ottimo pursuant to N.Y. Debt. & Cred. Law § 273.

58. Accordingly, pursuant to NY Debtor and Creditor Law § 273 Plaintiff demands judgment against the

Defendants (i) declaring the said Conveyance fraudulent and null and void as against the Plaintiff, (ii) declaring the Conveyance an intentional fraudulent act that caused a direct injury the Plaintiff; (iii) directing the Palm Beach County Clerk to set aside and cancel the current deed of record, and adjudge and decree the Property in the name of Anthony Ottimo a/k/a Anthony Edward Ottimo and Claudia Ottimo, (iii) directing that the Plaintiff's judgment be declared and decreed a first priority judicial lien against the Property.

## SECOND CAUSE OF ACTION

### THE CONVEYANCE VIOLATED § 273-a OF N.Y. DEBTOR & CREDITOR LAW

59. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "58" with the same force and effect.

60. Section 273-a of the Debtor Creditor Law provides that:

> "Every conveyance made without fair consideration when the person making it is a defendant in an action for money damages or a judgment in such an action has been docketed against him, is fraudulent as to the plaintiff in that action without regard to the actual intent of the defendant if, after final judgment for the plaintiff, the defendant fails to satisfy the judgment."

61. That Louis Ottimo and Claudia Ottimo were judgment debtors at the time of the Conveyance.

62. The Judgment was docketed against the Ottimo's at the time of the Conveyance.

63. The Ottimo's were defendants in a lawsuit for a money judgment at the time of the Conveyance.

64. That the Conveyance was made without fair consideration.

65. That the Ottimo's failed to pay the Judgment.

66. Regardless of Louis Ottimo or Claudia Ottimo's intent, the Conveyance is fraudulent pursuant to section 273-a of NY Debtor and Creditor Law.

67. Accordingly, pursuant to NY Debtor and Creditor Law 273-a the Plaintiff demands judgment (i) declaring the said Conveyance fraudulent and null and void as against the Plaintiff, (ii) directing the Palm Beach County Clerk to set aside and cancel the current deed of record, and adjudge and decree the Property in the name of Anthony Ottimo a/k/a Anthony Edward Ottimo and Claudia Ottimo, (iii) directing that the Plaintiff's judgment be declared and decreed a first priority judicial lien against the Property.

THIRD CAUSE OF ACTION

THE CONVEYANCE VIOLATED § 275 OF N.Y. DEBTOR & CREDITOR LAW

68. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "67" with the same force and effect.

69. N.Y. Debt. & Cred. Law § 275 provides that:

> Every conveyance made and every obligation incurred without fair consideration when the person making the conveyance or entering into the obligation intends or believes that he will incur debts beyond his ability to pay as they mature, is fraudulent as to both present and future creditors.

70. In addition to the conveyance and unfair consideration elements, it requires an intent or belief that insolvency will result.

71. The Ottimo's knew, or should have known, that the Conveyance would render them insolvent, thereby shielding him from the Judgment balance and future creditors.

72. The Ottimo's were aware of their indebtedness to the plaintiff at the time of the Conveyance.

73. The Ottimo's have not satisfied any portion of the Judgment balance after the Conveyance.

74. After the Conveyance, upon information and belief, the Ottimo's were rendered insolvent to present and future creditors.

75. The requirements of § 275 are satisfied.

76. Accordingly, pursuant to NY Debtor and Creditor Law § 275 plaintiffs demand judgment (i) declaring the said Conveyance fraudulent and null and void as against the plaintiff, (ii) directing the Palm Beach County Clerk to set aside and cancel the current deed of record, and adjudge and decree the Property in the name of Anthony Ottimo a/k/a Anthony Edward Ottimo and Claudia Ottimo, (iii) directing that the Plaintiff's judgment be declared and decreed a first priority judicial lien against the Property.

FOURTH CAUSE OF ACTION

THE CONVEYANCE VIOLATED § 276 OF N.Y. DEBTOR & CREDITOR LAW

77. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "76" with the same force and effect.

78. N.Y. Debt. & Cred. Law § 276 provides that:

> "Every conveyance made and every obligation incurred with actual intent, as distinguished from intent presumed by law, to hinder, delay, or defraud either present or future creditors, is fraudulent as to both present and future creditors."

79. Upon information and belief, the Ottimo's knew they incurred a debt to the Plaintiff and was unable to meet his financial obligation to the Plaintiff.

80. The Ottimo's have not paid the Plaintiff's Judgment, Renewal Judgment, or Second Renewal Judgment since entry.

81. As judgment debtors, the Ottimo's knew, or should have known, that the Conveyance would render them insolvent and unable to satisfy his debtor and Judgment entered by the Plaintiff.

82. The Conveyance was made without fair consideration.

83. Upon information and belief, the Conveyance was made with actual intent on part of the Defendants, to hinder, delay, and defraud the Plaintiff, creditor of the Ottimo's.

84. Upon information and belief, the said Conveyance of Property by the Ottimo's was and is fraudulent and void as to Plaintiff and the same was made with specific intent to hinder, delay, and defraud the Plaintiff from collecting the Judgment.

85. The Plaintiff is left with no other recourse to enforce its Judgment.

86. Accordingly, pursuant to NY Debtor and Creditor Law § 276 the plaintiff demands judgment against the defendants (i) declaring the said Conveyance fraudulent and null and void as against the plaintiff, (ii) directing the Palm Beach County Clerk to set aside and cancel the current deed of record, and adjudge and decree the Property in the name of Anthony Ottimo a/k/a Anthony Edward Ottimo and Claudia Ottimo, (iii) directing that the Plaintiff's judgment be declared and decreed a first priority judicial lien against the Property.

## FIFTH CAUSE OF ACTION

### N.Y. DEBTOR & CREDITOR LAW § 278

87. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "86" with the same force and effect.

88. N.Y. Debt. & Cred. Law § 278 (McKinney):

> Where a conveyance or obligation is fraudulent as to a creditor, such creditor, when his claim has matured, may, as against any person except a purchaser for fair consideration without knowledge of the fraud at the time of the purchase, or one who has derived title immediately or mediately from such a purchaser,
>
>> a. Have the conveyance set aside or obligation annulled to the extent necessary to satisfy his claim, or
>>
>> b. Disregard the conveyance and attach or levy execution upon the property conveyed.

89. Plaintiff is entitled to a levy and execute upon the Property pursuant to N.Y. Debt. & Cred. Law § 278 if the Conveyance is adjudged fraudulent.  <u>Neshewat v. Salem, 365 F. Supp. 2d 508, 521 (S.D.N.Y. 2005), aff'd, 194 F. App'x 24 (2d Cir. 2006).</u>

## SIXTH CAUSE OF ACTION

### N.Y. CPLR § 5236

90. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "89" with the same force and effect.

91. CPLR § 5236 authorizes a public auction sale of non-homestead property owned by judgment debtors and a distribution of the proceeds to the judgment creditors who have delivered executions against the judgment debtor to the sheriff.

92. Plaintiff requests the execution and sale of the Ottimo's non-homestead Property pursuant to CPLR § 5236.

## SEVENTH CAUSE OF ACTION

### ATTORNEYS' FEES

93. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "92" with the same force and effect.

94. As set forth above, the Conveyance was, upon information and belief, made with intent to hinder, delay, and defraud the plaintiff and other present and future creditors.

95. Pursuant to N.Y. DEBTOR & CREDITOR LAW § 276-a the Plaintiff is entitled to legal fees incurred in the prosecution of this action.

WHEREFORE, the Plaintiff demands the entry of a Judgment against the Defendants as follows:

96. On the First Cause of Action against the Defendants, (i) declaring the said Conveyance fraudulent and null and void as against the plaintiff, (ii) directing the Palm Beach County Clerk to set aside and cancel the current deed of record, and adjudge and decree the Property in the name of Anthony Ottimo a/k/a Anthony Edward Ottimo and Claudia Ottimo, (iii) directing that the Plaintiff's judgment be declared and decreed a first priority judicial lien against the Property.

97. On the Second Cause of Action against the Defendants, (i) declaring the said Conveyance fraudulent and null and void as against the plaintiff, (ii) directing the Palm Beach County Clerk to set aside and cancel the current deed of record, and adjudge and decree the Property in the name of Anthony Ottimo a/k/a Anthony Edward Ottimo and Claudia Ottimo, (iii) directing that the Plaintiff's judgment be declared and decreed a first priority judicial lien against the Property.

98. On the Third Cause of Action against the Defendants, (i) declaring the said Conveyance fraudulent and null and void as against the plaintiff, (ii) directing the Palm Beach County Clerk to set aside and cancel the current deed of record, and adjudge and decree the Property in the name of Anthony Ottimo a/k/a Anthony Edward Ottimo and Claudia Ottimo, (iii) directing that the Plaintiff's judgment be declared and decreed a first priority judicial lien against the Property.

99. On the Fourth Cause of Action against the Defendants, (i) declaring the said Conveyance fraudulent and null and void as against the plaintiff, (ii) directing the Palm Beach County Clerk to set aside and cancel the current deed of record, and adjudge and decree the Property in the name of Anthony Ottimo a/k/a Anthony Edward Ottimo and Claudia Ottimo, (iii) directing that the Plaintiff's judgment be declared and decreed a first priority judicial lien against the Property.

100. On the Fifth Cause of Action against the Defendants, to disregard the Conveyance and levy execution upon said non-homestead Property pursuant to N.Y. Debt. & Cred. Law § 278;

101. On the Sixth Cause of Action against the Defendants, for execution and sale of the Defendants' non-homestead Property pursuant to CPLR § 5236.

102. On the Seventh Cause of Action against the Defendants, pursuant to section 276-A of NY Debtor and Creditor Law, awarding the Plaintiff legal fees and expenses incurred in connection with the prosecution of this action;

103. Granting the plaintiff costs and disbursements of this action

104. Granting the plaintiff such other, further, and different relief as this Court deems just and proper.

VERIFICATION: The undersigned, affirms under penalties of perjury, that he is a member of the firm appearing as attorney of record for the Plaintiff, has read this complaint and knows its contents, and that the same is alleged upon information and belief and believes it to be true. Affirmant states that the grounds of his belief is correspondence furnished to him by the Plaintiff and interviews with officers of the Plaintiff. This verification is made by Affirmant because Plaintiff's place of business is located outside the County where Affirmant maintains his law practice and the plaintiff has authorized me to make said Verification on its behalf. This verification is affirmed on the 30th day of January, 2017.

DATED: New York, New York
January 30th, 2016

*/s/ John S Manfredi*
John Manfredi, Esq.
Manfredi Law Group, PLLC
ATTORNEY FOR PLAINTIFF
302 East 19th St. Suite 2A
New York, New York 10003
ph: (347) 614 7006